JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
HOF GRANTOR TRUST 1

**DEFENDANTS**
Washington Development LLC

**(b)** County of Residence of First Listed Plaintiff ______
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jacqueline McNally, Esq. (201332)
1628 John F Kennedy Blvd., Suite 300
Philadelphia, PA 19107
(212) 471-5100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❒ 1 U.S. Government Plaintiff
- ❒ 3 Federal Question *(U.S. Government Not a Party)*
- ❒ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ☒ 2 | ❒ 2 | Incorporated *and* Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ❒ 110 Insurance
- ❒ 120 Marine
- ❒ 130 Miller Act
- ❒ 140 Negotiable Instrument
- ❒ 150 Recovery of Overpayment & Enforcement of Judgment
- ❒ 151 Medicare Act
- ❒ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ❒ 153 Recovery of Overpayment of Veteran's Benefits
- ❒ 160 Stockholders' Suits
- ❒ 190 Other Contract
- ❒ 195 Contract Product Liability
- ❒ 196 Franchise

**REAL PROPERTY**
- ❒ 210 Land Condemnation
- ☒ 220 Foreclosure
- ❒ 230 Rent Lease & Ejectment
- ❒ 240 Torts to Land
- ❒ 245 Tort Product Liability
- ❒ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ❒ 310 Airplane
- ❒ 315 Airplane Product Liability
- ❒ 320 Assault, Libel & Slander
- ❒ 330 Federal Employers' Liability
- ❒ 340 Marine
- ❒ 345 Marine Product Liability
- ❒ 350 Motor Vehicle
- ❒ 355 Motor Vehicle Product Liability
- ❒ 360 Other Personal Injury
- ❒ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ❒ 365 Personal Injury - Product Liability
- ❒ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ❒ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ❒ 370 Other Fraud
- ❒ 371 Truth in Lending
- ❒ 380 Other Personal Property Damage
- ❒ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ❒ 440 Other Civil Rights
- ❒ 441 Voting
- ❒ 442 Employment
- ❒ 443 Housing/ Accommodations
- ❒ 445 Amer. w/Disabilities - Employment
- ❒ 446 Amer. w/Disabilities - Other
- ❒ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- ❒ 463 Alien Detainee
- ❒ 510 Motions to Vacate Sentence
- ❒ 530 General
- ❒ 535 Death Penalty

**Other:**
- ❒ 540 Mandamus & Other
- ❒ 550 Civil Rights
- ❒ 555 Prison Condition
- ❒ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ❒ 625 Drug Related Seizure of Property 21 USC 881
- ❒ 690 Other

**LABOR**
- ❒ 710 Fair Labor Standards Act
- ❒ 720 Labor/Management Relations
- ❒ 740 Railway Labor Act
- ❒ 751 Family and Medical Leave Act
- ❒ 790 Other Labor Litigation
- ❒ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ❒ 462 Naturalization Application
- ❒ 465 Other Immigration Actions

**BANKRUPTCY**
- ❒ 422 Appeal 28 USC 158
- ❒ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ❒ 820 Copyrights
- ❒ 830 Patent
- ❒ 840 Trademark

**SOCIAL SECURITY**
- ❒ 861 HIA (1395ff)
- ❒ 862 Black Lung (923)
- ❒ 863 DIWC/DIWW (405(g))
- ❒ 864 SSID Title XVI
- ❒ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ❒ 870 Taxes (U.S. Plaintiff or Defendant)
- ❒ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ❒ 375 False Claims Act
- ❒ 400 State Reapportionment
- ❒ 410 Antitrust
- ❒ 430 Banks and Banking
- ❒ 450 Commerce
- ❒ 460 Deportation
- ❒ 470 Racketeer Influenced and Corrupt Organizations
- ❒ 480 Consumer Credit
- ❒ 490 Cable/Sat TV
- ❒ 850 Securities/Commodities/ Exchange
- ❒ 890 Other Statutory Actions
- ❒ 891 Agricultural Acts
- ❒ 893 Environmental Matters
- ❒ 895 Freedom of Information Act
- ❒ 896 Arbitration
- ❒ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ❒ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❒ 2 Removed from State Court
- ❒ 3 Remanded from Appellate Court
- ❒ 4 Reinstated or Reopened
- ❒ 5 Transferred from Another District *(specify)*
- ❒ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:

Brief description of cause:
Foreclosure

## VII. REQUESTED IN COMPLAINT:

❒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❒ Yes ❒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE
04/27/2026

SIGNATURE OF ATTORNEY OF RECORD
/s/ Jacqueline F. McNally

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction:________________________________________

***RELATED CASE IF ANY:*** Case Number:____________________ Judge:____________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________________

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):______________
- ☐ 7. Products Liability
- ☒ 8. All Other Diversity Cases: *(Please specify)* Mortgage Foreclosure

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

Jacqueline McNally, Esq. (201332)
Renee Cohen, Esq. (306667)
Timothy A. Cirino, Esq. (326340)
Robert Flacco, Esq. (325024)
Nicole Francese, Esq. (332253)
Perry Russell, Esq. (334517)
Danielle Johnson, Esq. (334703)
Yvonne Ganley, Esq. (337459)
Andrew Kravitz, Esq. (80142)
**FRIEDMAN VARTOLO LLP**
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
T: (212) 471-5100
F: (212) 471-5150
Attorneys for Plaintiff
Firm Case No.: 243075-1

IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------x

HOF GRANTOR TRUST 1, NO.:

Plaintiff

v.

WASHINGTON DEVELOPMENT LLC,

Defendant

---------------------------------------------------------------x

**COMPLAINT – CIVIL ACTION**
**NOTICE TO DEFEND**
**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone (215) 238-1701

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone (215) 238-1701

Jacqueline McNally, Esq. (201332)
Timothy A. Cirino, Esq. (326340)
Robert Flacco, Esq. (325024)
Nicole Francese, Esq. (332253)
Perry Russell, Esq. (334517)
Danielle Johnson, Esq. (334703)
Yvonne Ganley, Esq. (337459)
Andrew Kravitz, Esq. (80142)
**FRIEDMAN VARTOLO LLP**
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
T: (212) 471-5100
F: (212) 471-5150
Attorneys for Plaintiff
Firm Case No.: 243075-1

IN THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------x

HOF GRANTOR TRUST 1,
60 Livingston Ave
EP-MN-WS3D
St. Paul, MN 55107

Plaintiff

v.

WASHINGTON DEVELOPMENT LLC,
5308 North Broad Street
Philadelphia, PA 19141

Defendant

---------------------------------------------------------------x

NO.:

<u>CIVIL ACTION</u>

**IN MORTGAGE FORECLOSURE**

## <u>COMPLAINT IN MORTGAGE FORECLOSURE</u>

Plaintiff, by and through its undersigned counsel, hereby complains against Defendant as follows:

### <u>PARTIES</u>

1. Plaintiff is a duly organized corporation having its principal office at 60 Livingston Ave, EP-MN-WS3D, St. Paul, MN 55107.

2. Defendant is registered to conduct business within the Commonwealth of Pennsylvania and maintains a business situs at 5308 North Broad Street, Philadelphia, PA 19141. The Defendant is the mortgagor and real owner of the Mortgaged Premises hereinafter described.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this against action pursuant to 28 U.S.C. § 1332(a)(1), as the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

4. Venue is proper in this judicial district pursuant to U.S.C. § 1391(b)(2), as the cause of action arose here and the property that is the subject of this action is situated here.

## BACKGROUND

5. On or about March 23, 2022 in consideration of a loan in the principal amount of $304,000.00, Defendant executed and delivered to WCP Fund I LLC a note (the "Note"). A true and correct copy of the Note is attached hereto, marked as Exhibit "A" and made a part hereof.

6. Plaintiff is the owner and holder of the Note and Mortgage and Plaintiff has designated RF Mortgage Services Corporation as Servicer for the Plaintiff, pursuant to a Limited Power of Attorney.

7. The Plaintiff, directly or through an agent, has possession of the Note, which is either made payable to the Plaintiff or has been duly endorsed. Therefore, the Plaintiff has the right to enforce the Note.

8. To secure its obligation under the Note, Defendant executed and delivered to WCP Fund I LLC a mortgage (the "Mortgage") dated March 23, 2022 and recorded on April 13, 2022 in the Office of the Department of Records of Philadelphia County (hereinafter the "Official Records"), as Instrument Number 54022928. A true and correct copy of the Mortgage is attached hereto, marked as Exhibit "B" and made a part hereof.

9. The Plaintiff is the proper party by way of a Corrective Assignment of Mortgage recorded in the Official Records on November 25, 2025, as Instrument No. 54494060. Said corrective assignment of mortgage was recorded to correct the assignee in the assignment of mortgage recorded on October 15, 2024, in the Official records, as Instrument Number 54351943. A true and correct copy of the Corrective Assignment of Mortgage is attached hereto, marked as Exhibit "C" and made a part hereof.

10. The Mortgage secures the following real property (the "Mortgaged Premises"): 5308 North Broad Street, Philadelphia, PA 19141. A legal description of the Mortgaged Premises is attached hereto as Exhibit "D" and made a part hereof.

11. Defendant is the record and real owner of the Mortgaged Premises.

12. The Note and Mortgage are in default because the monthly payments due on May 1, 2024 and thereafter have not been paid. As a result, the principal balance and all interest due

thereon have become due and payable with late charges, escrow deficit, and all costs of collection including title search fees and reasonable attorney's fees.

13. As of March 31, 2026, the following amounts are due on the Mortgage and Note:

**AMOUNT DUE SCHEDULE**

| | |
|---|---|
| Principal Balance | $295,428.70 |
| Accrued Interest from April 1, 2024 to March 31, 2026 | $105,320.33 |
| Default Interest from May 1, 2024 to March 31, 2026 | $31,906.30 |
| Unpaid Lender Reimbursements | $2,726.38 |
| Lien Release Fee | $250.00 |
| Wire Fee | $10.00 |
| Reserve Balances | $18,631.10 |
| Service Transfer Late Fee | $341.40 |
| Force Placed Insurance Fees | $1,500.00 |
| TOTAL DUE | $456,114.21 |

Interest continues to accrue at the *per diem* rate of $196.95 for each day after March 31, 2026 that the debt remains unpaid.

14. During the course of this civil action, costs may continue to accrue, including but not limited to escrow advances, late charges, attorney's fees, and any other lawful foreclosure costs and fees expended by the Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter *Judgment in Rem* in favor of Plaintiff and against Defendant with regard to the Property and assess damages in the amount set forth in Paragraph 13 [$456,114.21] of this Complaint, together with ongoing interest at the rate of $196.95 per day and additional fees and costs expended by the Plaintiff and any additional amounts due as permitted by the Mortgage and Court and for sale of the mortgaged Property.

Date: 4/27/2026

**FRIEDMAN VARTOLO LLP**
A Limited Liability Partnership formed in the State of New York
Attorneys for Plaintiff

/s/ Jacqueline F. McNally
☐ Jacqueline McNally, Esq. (201332)
☐ Timothy A. Cirino, Esq. (326340)

Case 2:26-cv-03229-JJS Document 1 Filed 05/12/26 Page 9 of 41

☐ Robert Flacco, Esq. (325024)
☐ Nicole Francese, Esq. (332253)
☐ Perry Russell, Esq. (334517)
☐ Danielle Johnson, Esq. (334703)
☐ Yvonne Ganley, Esq. (337459)
☐ Andrew Kravitz, Esq. (80142)

# Exhibit A

# NOTE

**$304,000.00** March 23, 2022

**PROPERTY ADDRESS: 5308 N Broad St Philadelphia PA 19141**

DEFINITIONS

In addition to the capitalized terms defined where used, words used in multiple sections of this Note and/or the corresponding Loan Documents are defined below.

(A) **"Borrower"** is **Washington Development LLC**, a Pennsylvania Limited Liability Company (the "Borrower"). Borrower is the trustor under the Security Instrument(s) (as hereinafter defined). Borrower's address is 5308 N Broad St, Philadelphia, PA 19141

(B) **"Lender"** is WCP FUND I LLC, a Delaware limited liability company, its successors and assigns. Lender's address is 2815 Hartland Rd Suite 200, Falls Church, VA 22043. Lender is the beneficiary under the Security Instrument(s).

(C) **"Loan"** means the debt evidenced by the Note (as hereinafter defined), plus interest, any prepayment charges and late charges due under the Note, and all sums due under the Security Instrument(s).

(D) **"Loan Documents"** means collectively the Note, Security Instrument(s) and all other documents executed and/or delivered in connection with the Loan.

(E) **"Note"** means this promissory note signed by Borrower and dated March 23, 2022. This Note states that Borrower owes Lender ($304,000.00) and any additional amounts advanced pursuant to the Loan Documents, plus interest. Borrower has promised to pay this debt in regular monthly payments and to pay the debt in full not later than March 23, 2052 (the **"Maturity Date"**).

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. ($304,000.00) (this amount is called "Principal"), plus interest, to the order of the Lender. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal, including protective or future advances as is advanced pursuant to the Loan Documents, until the full amount of Principal has been paid. I will pay interest at a yearly rate of **5.4%**, computed on the basis of a three hundred sixty (360) day year consisting of twelve (12) thirty (30) day months. Interest commences on the day the lender's funds are placed in escrow. I will pay interest on the full amount of the unpaid principal of

this Note even though the Lender may hold some of my cash or other propertyas collateral for repayment and even if I have prepaid payments in accordance with paragraph 3(A). For the avoidance of doubt, I understand that interest will accrue on theentire principal balance of the Loan, including portions of the Loan not yet advanced by Lender.

The interest rate required by this Section 2 is the rate I will pay before any default. If I default, the above rate shall, at the option of Lender without notice, increase to 24.000 % or the maximum rate permitted under law, whichever is less, and remain at that rate until all defaults are fully eured (the "Default Rate"). Lender and I agree that the Default Rate has been duly and adequately negotiated, and is fair and reasonable considering the costs, burdens, and other impairments foreseeably caused by, or resulting from, events of default under the Loan Documents.

Additionally, if any loan proceeds are used to acquire the Property and the Borrower is unable to fully lease the Property within six (6) months of the date herein, the interest rate shall increase by two percent (2%) and shall remain at the increased rate until the Property is fully leased. All leases shall be approved or denied at the Lender's sole discretion.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay all interest on this Note from the date of funding through the end of that month and the subsequent month at loan closing. Thereafter I will make monthly payments of interest and Principal on the first day of each month during the term of this Note starting with the "First Payment Date" of . If, on the Maturity Date March 17, 2052, I still owe amounts under this Note, I will pay those amounts in full on that date. In addition to the monthly payment, ifrequired by the Lender, Borrower shall deposit with Lender, on a monthly basis, an amountequal to one-twelfth (1/12) of the Taxes and/or Insurance (the "Monthly Escrow Deposit") that Lender estimates will be payable during the next ensuing twelve (12) months.

If I have prepaid payments when the loan was funded, Lender may retain those payments as earned in full and Lender will note in its records that the period covered by the prepaid payments has been paid as agreed. Prepaid payments shall not be applied to principal. If I repaythe loan within this period, any unused prepaid funds will be credited on the payoff.

### (B) Amount of Monthly Payments

My monthly payment of Principal and interest will be in the amount of U.S. ($1,707.00) based on an amortization period of 30 years.

### (C) Application of Payments.

At Lender's sole discretion, my payments under this Note will be applied first to any late charges, fees or penalties then due, next to interest due and finally to unpaid principal. A paymentwill be deemed made when received at the payment address in subparagraph (A) above or at suchother payment address as the Note Holder may designate from time to time.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make Prepayments (as hereinafter defined) at any time before they are due subject to the Prepayment Premium (as hereinafter defined), if applicable. A payment of Principal only is known as a "Prepayment." For the avoidance of doubt, the monthly payment of Principal and interest due pursuant to Section 3(B) of this Note shall not constitute a Prepayment. When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note. I may only make one Prepayment of Principal per month.

On the date on which a Prepayment, voluntary or mandatory, is made (including any amounts collected by Note Holder after a default), I shall pay to Note Holder (A) all accrued and unpaid interest on the amount of Principal being prepaid through and including the date of such Prepayment and (B) a Prepayment premium equal to: (i) if the Prepayment shall occur on or prior to one year from the First Payment Date of this Note, 5% of the outstanding Principal balance of the loan or (ii) if the Prepayment shall occur after one year but on or prior to the date which is two years from the First Payment Date of this Note, 4% of the outstanding Principal balance of the loan, or (iii) if the Prepayment shall occur after two years but on or prior to the date which is three years from the First Payment Date of this Note, 3% of the outstanding Principal balance of the loan, (iv) if the Prepayment shall occur after three years but on or prior to the date which is four years from the First Payment Date of this Note, 2% of the outstanding Principal balance of the loan, or (v) if the Prepayment shall occur after four years but on or prior to the date which is five years from the First Payment Date of this Note, 1% of the outstanding Principal balance of the loan (each, the "Prepayment Premium"). Notwithstanding the foregoing, no Prepayment Premium shall be payable on a Prepayment that occurs after a date which is three years from the First Payment Date of this Note or that is required to be made as a result of a casualty to or the taking by eminent domain of the Property. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to any accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. Prepayments shall be credited to interest and Principal as of the last day of the month in which the same were received, unless payment in full is made.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of ten (10) calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the late charge will be ten percent (10.00%) of my overdue payment of principal and interest or one-hundred dollars ($100), whichever is more and I agree that such charge is a reasonable estimate of the fair compensation for the loss and damages that Note Holder will suffer for such late payment. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due or the amount due on the Maturity Date, I will be in default.

**(C) Notice of Default and Acceleration**

If I am in default and such default is then continuing, the full amount of Principal which has not been paid, any accrued interest, all other amounts payable under this Note and any other Loan Documents, shall at once become due and payable, at the option of the Note Holder, without any prior notice to me (except if notice is required by applicable law or the Security Instrument, then after such notice).

**(D) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, but are not limited to, reasonable attorneys' fees, inspection fees, appraisal fees, returned check fees and other out of pocket costs.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at 5308 N Broad St, Philadelphia, PA 19141. or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated inSection 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to

keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment, Notice of Dishonor and Protest. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid. "Protest" means the right to obtain an official certification of nonpayment.

I AGREE THAT LENDER'S WILLINGNESS TO OFFER TO ME THE INTEREST RATE DESCRIBED ABOVE IS SUFFICIENT AND INDEPENDENT CONSIDERATION, GIVEN INDIVIDUAL WEIGHT BY LENDER, FOR THIS WAIVER. I FURTHER UNDERSTAND THAT LENDER WOULD NOT OFFER SUCH AN INTEREST RATE TO ME ABSENT THIS WAIVER.

I acknowledge that prepayment of this Note may result in Note Holder's incurring additional losses, costs, expenses, and liabilities, including, but not limited to, lost revenue and lost profits. I, therefore, agree to pay the Prepayment Premium as described above, if any Principal amount is prepaid, whether voluntarily, or by reason of an acceleration of the Maturity Date on default (including, but not limited to, acceleration on any transfer or conveyance of any right, title, or interest in the Property securing the loan giving the Note Holder the right to accelerate the maturity of this Note as provided in the Security Instrument).

**10. SECURED NOTE**

In addition to the protections given to the Note Holder under this Note, this Note is secured by that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing against the Property (the "Security Instrument"), dated the same date as this Note. The Security Instrument protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note, and in the event of default by me under this Note, the Security Instrument or other Loan Documents, Note Holder may have the right to exercise certain remedies including, without limitation, foreclosure of my interest in the Property and/or requiring me to make immediate payment in full of all amounts I owe under this Note.

**11. INDEMNIFIED TAXES.**

Any payments by me or on account of any of my obligations under any Loan Document shall be made without deduction or withholding for any tax; provided, however, that if any law requires deduction or withholding of a tax, such tax shall be deducted and withheld from such payment and paid to the relevant governmental authority in accordance with applicable law and the sum payable shall be increased so that after such deduction or withholding (including

deductions or withholdings applicable to additional amounts payable hereunder) Note Holder receives an amount equal to the sum it would have received had no such deduction or withholding been made; provided, further, that such additional amounts shall not include any taxes measured by net income (however denominated) or franchise taxes imposed on Note Holder. I shall promptly indemnify Note Holder for all such non-excluded taxes (including interest and additionsto tax) and related expenses. I shall promptly deliver evidence satisfactory to Note Holder of anypayments made pursuant to this Section 11. I shall also pay all documentary, recording, filing or similar taxes that arise with respect to any of the Loan Documents.

**12. USE OF NOTE PROCEEDS.**

I, the Borrower, represent to the Lender that the proceeds of this Note will not be used for personal, family or household purposes or for the purpose of purchasing or carrying margin stock or margin securities within the meaning of Regulations U and X of the Board of Governors of the Federal Reserve System, 12 C.F.R. Parts 221 and 224.

**13. CHOICE OF LAW.**

The law of the jurisdiction where the Property is located shall exclusively govern the interpretation and enforcement of this Note.

**14. NOTICE TO BORROWER.**

DO NOT SIGN THIS NOTE IF IT CONTAINS BLANK SPACES. ALL SPACES SHOULD BE COMPLETED BEFORE YOU SIGN.

THIS NOTE PROVIDES FOR A BALLOON PAYMENT WHICH WILL BE DUE ON THE DATE SPECIFIED IN PARAGRAPH 3 ABOVE, WHETHER OR NOT YOU HAVE OBTAINED A LOAN TO REPAY THIS LOAN. YOU MAY NOT RELY UPON ANY VERBAL ASSURANCES OR AGREEMENTS BY ANY PERSONNEL OF NOTE HOLDER OR ANY MORTGAGE BROKER THAT THEY HAVE OR WILL OBTAIN OR ARRANGE A REPLACEMENT LOAN FOR YOU. OBTAINING A REPLACEMENT LOAN IS YOUR RESPONSIBILITY.

**15. STATE SPECIFIC PROVISIONS.**

Not applicable.

**16. TIME.**

Time is of the essence in this Note.

**17. USURY.**

It is the intent of Lender and Borrower in the execution of this Note, and all other instruments now or hereafter securing this Note or executed in connection therewith or under any other written or oral agreement by Borrower in favor of Lender to contract in strict compliance with applicable usury law.

**18. SEVERABILITY.**

Wherever possible, each provision of this Note shall be interpreted in such manner as to be effective and valid pursuant to applicable law, but if any provision of this Note shall be prohibited by or invalid pursuant to applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Note.

[SIGNATURES BEGIN ON THE FOLLOWING PAGE]

IN WITNESS WHEREOF, the undersigned Borrower has executed this Note as of the date first written above.

**BORROWER:**

**Washington Development LLC,**
a Pennsylvania Limited Liability Company

By: ______________________
Name: Ryan Matthew Kromsky
Title: Manager and Member

**BY INITIALING BELOW, BORROWER UNDERSTANDS AND AGREES TO THE WAIVERS IN SECTION 9 ("WAIVERS").**

Borrower's Initials: ________

COUNTY OF San Juan ) SS: Affidavit No. 10,662
STATE OF Puerto Rico )

I hereby certify on this 23rd day of March, 2022, before me in the jurisdiction aforesaid, did personally appear Ryan Matthew Kromsky, known or satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument, and executed the within instrument and acknowledged the same instrument to be his/her act and deed for the purposes herein contained and in the capacity herein stated.

NOTARY PUBLIC

My commission expires: Does not expire

JOSE ORLANDO MERCADO
ABOGADO-NOTARIO

RECIBO

Sello
9397
03/03/2022
$5.00
Sello de Asistencia Legal
80076-2022-0303-64058056

IN WITNESS WHEREOF, the undersigned Borrower has executed this Note as of the date first written above.

**BORROWER:**

**Washington Development LLC**,
a Pennsylvania Limited Liability Company

By: Frank Ryan Kasper IV
Name: Frank Ryan Kasper IV
Title: Member

**BY INITIALING BELOW, BORROWER UNDERSTANDS AND AGREES TO THE WAIVERS IN SECTION 9 ("WAIVERS").**

Borrower's Initials: FK

COUNTY OF Denver ) SS:
STATE OF Colorado )

I hereby certify on this 23 day of March, 2022, before me in the jurisdiction aforesaid, did personally appear Frank Ryan Kasper IV, known or satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument, and executed the within instrument and acknowledged the same instrument to be his/her act and deed for the purposes herein contained and in the capacity herein stated.

Susan Joy Provda
NOTARY PUBLIC

My commission expires: 8/25/2024

SUSAN JOY PROVDA
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20204029433
MY COMMISSION EXPIRES AUGUST 25, 2024

SUSAN JOY PROVDA
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20204029433
MY COMMISSION EXPIRES AUGUST 25, 2024

# ALLONGE

This Allonge is affixed to, and is hereby made a part of, that certain Commercial Deed of Trust Note, dated 03/23/2022, in the original principal amount of $304,000.00 ("Note"), made Washington Development LLC, a Pennsylvania Limited Liability Company to Daniel Huertas, Trustee, for the benefit of WCP FUND I LLC, a Delaware limited liability company ("Assignor"), and evidences the endorsement of the Note by Assignor as provided in that certain Master Loan Sale Agreement, dated January 6, 2021, by and between Assignor and the endorsee hereon ("Agreement"), to with:

The Note is hereby made PAYABLE TO THE ORDER OF ____________________________, a ______________________________________, at __________________________________________ without recourse subject to the Agreement.

Dated: 04/01/2022

ASSIGNOR:

WCP FUND I LLC
a Delaware limited liability company

**Name:** Melissa Jones

**Title:** Post Closing Manager

**Signature:**

Property Address: 5308 N Broad St Philadelphia PA 19141

# Exhibit B

[redacted]

eRecorded in Philadelphia PA Doc Id: 54022928
04/13/2022 09:50 AM Page 1 of 13 Rec Fee: $226.75
Receipt#: 22-71919
Records Department Doc Code: M

RECORDING REQUESTED BY AND WHEN RECORDED MAIL (Space Above For Recorder's Use)

Washington Capital Partners
2815 Hartland Road, Suite 200
Falls Church, VA 22043
Attn: Victoria Junkins, Esq.

5308 N Broad St Philadelphia PA 19141
LOAN [redacted]

**THIS INSTRUMENT IS AN OPEN-END REAL PROPERTY MORTGAGE AND SECURES PRESENT AND FUTURE INDEBTEDNESS, OBLIGATIONS AND ADVANCES UP TO A MAXIMUM PRINCIPAL AMOUNT OF $304,000.00 PLUS INTEREST THEREON AND ALL OTHER SUMS DUE HEREUNDER OR SECURED HEREBY, PURSUANT TO 42 PA. C.S. §§8143-8144.**

**This Mortgage is intended to be a purchase money mortgage and shall be entitled to all the benefits as such under the lien priority provisions of the Pennsylvania Judicial Code, 42 Pa. C.S.A. § 8141, as amended.**

**This Mortgage secures an obligation incurred for the construction of improvements on the land and is a construction mortgage under 13 Pa. C.S. §9334**

# MORTGAGE, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT

5308 N Broad St Philadelphia PA 19141
LOAN-[redacted]

DEFINITIONS
In addition to the capitalized terms defined where used, words used in multiple sections of this Mortgage and/or the corresponding Loan Documents are defined below.

(A) "**Borrower**" is **Washington Development LLC**, a Pennsylvania Limited Liability Company. Borrower is the Mortgagor under the Mortgage.

(B) "**Lender**" is WCP Fund I LLC. Lender is a limited liability company, organized and existing under the laws of the State of Delaware. Lender's address is 2815 Hartland Road, Suite 200, Falls Church, Virginia 22043. Lender is the Mortgagee under the Mortgage.

(C) "**Loan**" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under the Mortgage.

(D) "**Loan Documents**" means collectively the Loan Agreement, Note, Mortgage and all other documents executed and/or delivered in connection with the Loan.

(E) "**Note**" means the note signed by Borrower and dated March 23, 2022. The Note states that Borrower owes Lender Three Hundred Four Thousand Dollars and Zero Cents ($304,000.00), plus interest. Borrower has promised to pay this debt in regular monthly payments and to pay the debt in full not later than March 23, 2052 (the "**Maturity Date**").

**Witnesseth:**

**THAT MORTGAGOR IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO LENDER that property in Philadelphia County, PA, described as:** See Legal Description

Attached 'Exhibit A' incorporated herein by reference

APN:

Street Address: 5308 N Broad St Philadelphia PA 19141

TOGETHER WITH the rents, issues and profits thereof, SUBJECT HOWEVER, to the right, power and authority given to and conferred upon Lender by Section 11 of the provisions set forth below to collect and apply such rents, issues and profits. **For the Purpose of Securing:** 1. Performance of each agreement of Mortgagor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension of renewal thereof, in the principal sum of $304,000.00 executed by Mortgagor in favor of Lender or order. 3. Payment of such further sums as the then record owner of such property hereafter may borrow from Lender, when evidenced by another note (or notes) reciting it is so secured. 4. All obligations under a Loan Agreement dated March 23, 2022 between Mortgagor and Lender.

A default under any other mortgage securing the above-referenced promissory note shall constitute a default under this Mortgage as well.
To Protect the Security of This Mortgage, Mortgagor Agrees:

(1) That Mortgagor will observe and perform said provisions; and that the reference to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations and parties set forth in this Mortgage.

(2) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violations of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(3) To provide, maintain and deliver to Lender fire insurance satisfactory to and with loss payable to Lender listed as additional insured, as more particularly set forth in this Mortgage. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured herein and in such order as Lender may determine or at option of Lender the entire amount so collected or any part hereof may be released to Mortgagor. Such application or release shall not cure or waive any default or notice of default herein under or invalidate any act done pursuant to such notice.

(4) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of the Lender; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Lender may appear, and in any suit brought by Lender to record this Mortgage.

(5) To pay; at least ten (10) days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or a part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Mortgage.

Should Mortgagor fail to make any payment or to do any act as herein provided, then Lender, but without obligation to do and without notice to or demand upon Mortgagor and without releasing Mortgagor from any obligation hereof, may: make or do the same in such manner and to such extent as either may be deemed necessary to protect the security herein. Lender being authorized to enter upon said property for such purposes; appear in and defend any action or preceding purporting to affect the security hereof or the rights or powers of Lender; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(6) To pay immediately and without demand all sums so expended by Lender, with interest from date of expenditure at the amount allowed by law in effect at the date hereon, and to

pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Lender not to exceed the maximum allowed by law at the time when said statement is demanded.

(7) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Lender, who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(8) That by accepting payment of any sum secured hereby after its due date, Lender does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(9) That at any time or from time to time, without liability therefore and without notice, upon written request of Lender and presentation of this Mortgage and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Lender may; reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement therein; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(10) Release. Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

(11) That as additional security, Mortgagor hereby gives to and confers upon Lender the right, power and authority during the continuance of this Mortgage, to collect the rents, issues and profits of said property, reserving unto Mortgagor the right, prior to any default by Mortgagor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collected and retain such rents, issues and profits as they become due and payable. Upon any such default, Lender may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expense of operation and collection, including reasonable attorney's fees, upon indebtedness secured hereby, and in such order as Lender may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(12) . Default and Remedies.

(a) In addition to any Events of Default set forth in the Note, any of the following events or conditions shall constitute an "Event of Default": (i) if legal or equitable title to, or any

(other than a lease for less than five years) in, the Premises is directly or indirectly sold or transferred in whole or in part, or if any rentals from the Premises are assigned to anyone while this Mortgage shall remain a lien thereon; (ii) failure of Mortgagor to perform or comply with the terms of any lease of the Premises or any part thereof; or (iii) default by Mortgagor under any mortgage affecting any part of the Premises which is, or is claimed to be, superior in lien to this Mortgage;

(b) Mortgagee, at its sole election, may declare all or any part of any Indebtedness not payable on demand to be immediately due and payable without demand or notice of any kind upon the happening of any Event of Default, or if Mortgagee in good faith believes that the prospect of payment of all or any part of the Indebtedness or performance of Mortgagor's obligations under this Mortgage or any other agreement now or hereafter in effect between Mortgagor and Mortgagee is impaired. The provisions of this paragraph are not intended in any way to affect any rights of Mortgagee with respect to any Indebtedness which may now or hereafter be payable on demand;

(c) The holder of this Mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver;

(d) If the Indebtedness shall exceed the amount secured by this Mortgage, or as evidenced by a combination of instruments that singularly or in part collectively may be less than said secured amount but combined exceed said secured amount, Mortgagee, in any foreclosure hereof, shall have the right to sue and collect the excess in the same action as commenced for the foreclosure hereof, and recover a money judgment for said excess with all the rights attendant thereto, including, without limitation, the issuance of an execution to the Sheriff for collection thereof, and Mortgagor hereby waives any defense based upon a claim that in doing so, Mortgagee is splitting its cause of action if it seeks to foreclose this Mortgage for part of the Indebtedness and recover at law for another part;

(e) In the event of foreclosure of this Mortgage, the Premises may, at the option of Mortgagee, be sold in one or more parcels, notwithstanding any provision of law to the contrary;

(f) The Lender shall be reimbursed for all reasonable legal fees and other costs and expenses actually incurred by the Lender in connection with the collection of the Indebtedness and this Mortgage;

(g) Upon the happening of an Event of Default, Mortgagee may pursue, take or refrain from pursuing any remedy for collection of the Indebtedness, including an action to foreclose this Mortgage or to sell the Premises or any part thereof pursuant to procedures provided by applicable law. Any reference in this Mortgage to an action or right of Mortgagee in regard to or in connection with a foreclosure or a foreclosure proceeding shall be deemed to include a sale and/or proceeding under this subsection;

(h) Upon the happening of an Event of Default, Mortgagee may exercise its rights of enforcement with respect to the Fixtures and Personal Property under the UCC;

(13) That this Mortgage applies to, insures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Lender shall mean the owner and holder, including pledges of the note secured hereby whether or not named as Lender

herein. In this Mortgage, whenever the contest so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) Mortgagor shall, at Mortgagor's expense, maintain in force fire and extended coverage insurance in any amount of not less than the full replacement value of any building which may exist on the subject property, with loss payable to Lender. Mortgagor shall provide fire insurance protection on Mortgagor's furniture, fixtures and personal property on the subject real property in an amount equal to the full replacement value thereof, and promises that any insurance coverage in this regard will contain a waiver of the insurers' right of subrogation against Lender. In addition, Mortgagor shall, at Mortgagor's expense, maintain in force policies of liability insurance and, if applicable, flood insurance, with Lender as loss payee and as an additional insured thereunder, insuring Mortgagor against all claims resulting from the injury to or the death of any person or the damage to or the destruction of any property belonging to any person by reason of Lender's interest hereunder or the use and occupancy of the subject real property by Mortgagor. Such insurance shall be in the following amounts: (1) at least 100% of the loan amount ($76,050.00) combined single limit liability insurance covering property damage and bodily injury; [and] (2) flood insurance is required if the collateral is located in a flood zone equal to the replacement cost of the subject real property. At least thirty (30) days prior to the expiration of a policy, Mortgagor shall deliver to Lender a renewal policy in a form satisfactory to Lender. If Mortgagor obtains any other insurance on the subject real property, such insurance shall name the Lender as additional insured and loss payee thereunder. If all or any part of the subject property or any interest in it is sold or transferred (or if a beneficial interest in Mortgagor is sold or transferred and Mortgagor is not a natural person), or a lien or encumbrance is created upon such property, voluntarily or involuntarily, or if Mortgagor shall file or have filed against it and/or the property any proceeding for relief of debtors under the United States Bankruptcy Code, in each case without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage. If Lender exercises this option, Lender shall give Mortgagor notice of acceleration. The notice shall provide a period of not less than thirty (30) days from the date the notice is delivered or mailed within which Mortgagor must pay all sums secured by this Mortgage. If Mortgagor fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Mortgagor.

(15) Lender may make or cause to be made reasonable entries upon and inspections of the real property securing this Mortgage.

(16) Mortgagor shall promptly notify Lender of any action or proceeding relating to any condemnation or other taking, whether direct or indirect, of the property securing this Mortgage or any part thereof and Mortgagor shall appear in and prosecute any such action or proceeding unless otherwise directed by Lender in writing. Mortgagor authorizes Lender, at Lender's option, as attorney-in-fact for Mortgagor, to commence, appear in and prosecute, in Lender's or Mortgagor's name, any action or proceeding relating to any condemnation or other taking of the subject property, whether direct or indirect, and to settle or compromise any claim in connection with such condemnation or other taking. The proceeds of any award, payment or claim for damages, direct or consequential, in connection with any condemnation or other taking, whether direct or indirect, of the subject property, or part thereof, or for conveyances in lieu of condemnation, are hereby assigned to and

shall be paid to Lender subject, if this Mortgage is on a leasehold, to the rights of lessor under the ground lease. Mortgagor authorizes Lender to apply such awards, payments, proceeds or damages, after the deduction of Lender's expenses incurred in the collection of such amounts, at Lender's option, to restoration or repair of the subject property or to payment of the sums secured by this Mortgage, whether or not then due, in the order of application set forth in Section 3 hereof, with the balance, if any, to Mortgagor. Unless Mortgagor and Lender otherwise agree in writing, any application of proceeds to Principal (as defined in the Note) shall not extend or postpone the due date of the monthly installments referred to in Sections 1 and 2 hereof or change the amount of such installments. Mortgagor agrees to execute such further evidence of assignment of any awards, proceeds, damages or claims arising in connection with such condemnation or taking as Lender may require.

(17) This Mortgage is intended to be a security agreement pursuant to the Uniform Commercial Code for any of the items specified above as part of the subject property which, under applicable law, may be subject to a security interest pursuant to the Uniform Commercial Code, and Mortgagor hereby grants Lender a security interest in said items. Mortgagor agrees that Lender may file this Mortgage, or a reproduction thereof, in the real estate records or other appropriate index, as a financing statement for any of the items specified above as part of the subject property. Any reproduction of this Mortgage or of any other security agreement or financing statement shall be sufficient as a financing statement. In addition, Mortgagor agrees to execute and deliver to Lender, upon Lender's request, any financing statements, as well as extensions, renewals and amendments thereof, and reproductions of this Mortgage in such form as Lender may require to perfect a security interest with respect to said items. Mortgagor shall pay all costs of filing such financing statements and any extensions, renewals, amendments and releases thereof, and shall pay all reasonable costs and expenses of any record searches for financing statements Lender may reasonably require. Without the prior written consent of Lender, Mortgagor shall not create or suffer to be created pursuant to the Uniform Commercial Code any other security interest in said items, including replacements and additions thereto. For purposes of filing and recording this Mortgage in, among other places, the real estate records of the county in which the subject property is located, the following information is included: (i) the Mortgagor shall be deemed the "Debtor" with the address set forth for the Mortgagor on the first page of this Mortgage which the Mortgagor certifies is accurate, (ii) the Lender shall be deemed to be the "Secured Party" with the address set forth for the Lender on the first page of this Mortgage and shall have all of the rights of a secured party under the Uniform Commercial Code, (iii) this Mortgage covers goods which are or are to become fixtures, (iv) the name of the record owner of the land is Mortgagor, (v) if Mortgagor is an entity, the organizational identification number of Mortgagor is 0600260116, and the Mortgagor is organized under the laws of the State of New Jersey. Upon Mortgagor's breach of any covenant, representation, warranty or agreement of Mortgagor contained in this Mortgage, including the covenants to pay when due all sums secured by this Mortgage, Lender shall have the remedies of a secured party under the Uniform Commercial Code and, at Lender's option, may also invoke the remedies provided in this Mortgage as to such items. In exercising any of said remedies, Lender may proceed against the items of real property and any items of personal property specified above as part of the subject property separately or together and in any order whatsoever, without in any way affecting the availability of Lender's remedies under the Uniform Commercial Code or of the remedies provided in this Mortgage.

5308 N Broad St Philadelphia PA 19141
LOAN-[redacted]

(18) Any default under this Mortgage shall constitute a default under all promissory notes and mortgages Mortgagor has executed in favor of Lender. Mortgagor shall be in default if, during the Loan application process, Mortgagor or any persons or entities acting at the direction of Mortgagor or with Mortgagor's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Mortgagor's use of the subject property solely for business and/or commercial purposes.

(19) State Specific Provisions.

(a) Waivers. Mortgagor, to the extent permitted by applicable law, waives and releases any error or defects in proceedings to enforce this Mortgage, and hereby waives the benefit of

any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

(b) Reinstatement Period. Mortgagor's time to reinstate shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Mortgage.

(c) Purchase Money Mortgage. If any of the debt secured by this Mortgage is lent to Mortgagor to acquire title to the subject property, this Mortgage shall be a purchase money mortgage.

(d) EFFECT OF SURVIVAL EVENTS. Both before and after any Survival Event, as defined below, Mortgagor shall:

(i) pay all amounts due for: (i) taxes and assessments and other items which can attain priority over this Mortgage as a lien or encumbrance on the subject property; (ii) leasehold payments or ground rents on the subject property, if any; (iii) premiums for any and all insurance required by Lender under Section 14; and (iv) Mortgage Insurance premiums, if any, or any sums payable by Mortgagor to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with this Mortgage;

(ii) pay the amounts and take the actions required by Section 5 of this Mortgage;

(iii) maintain insurance coverages and take the other actions required by Section 14 of this Mortgage;

(iv) maintain, repair and restore the subject property and take the other actions required by Section 2 of this Mortgage.

(v) if this Mortgage is on a leasehold, comply with all the provisions of the lease;

(vi) treat any amounts disbursed by Lender under Section 6 of this Mortgage as additional debt of Mortgagor secured by this Mortgage;

(vii) maintain and pay the premiums for Mortgage Insurance, or make payments to Lender if Mortgage Insurance coverage is not available, and take the other actions required by this Mortgage;

(viii) permit the collection and application of miscellaneous proceeds as required by

Section 7 and Section 17 of this Mortgage;

(ix) pay all fees required under this Mortgage, the Loan Agreement and/or the Note;

(x) continue to abide by the restrictions and take the actions required by Section 2 of this Mortgage.

(xi) pay any collection expenses under Section 18 of this Mortgage;

(xii) pay interest at the rate payable from time to time under the Note.

"Survival Event" means any of the following:

(i) any default described in the Note;

(ii) Lender requiring Mortgagor to pay immediately the full amount of Principal which has not been paid and all the interest that Mortgagor owes on that amount under the Note;

(iii) Lender requiring immediate payment in full of all sums secured by this Mortgage as described in the Note and Sections 15 or 18 of this Mortgage;

(iv) the Maturity Date as defined in the Note;

(v) the entry of any judgment against Mortgagor under the Note; and

(vi) the entry of any judgment under this Mortgage.

(20) Pennsylvania law shall exclusively govern the enforcement and interpretation of this Mortgage.

[SIGNATURE PAGE FOLLOWS]

5308 N Broad St Philadelphia PA 19141
LOAN-[redacted]

The undersigned Mortgagor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him/her at his/her address hereinbefore set forth.

Dated: March 23, 2022

**BORROWER:**

Washington Development LLC,
a Pennsylvania Limited Liability Company

______________________(SEAL)
By: Ryan Matthew Kromsky
Its: Manager and Member

Commonwealth of Puerto Rico　　Affidavit No. 10,661

County of San Juan

On this, the 23rd day of March, 2022, before me, the undersigned officer, personally appeared Ryan Matthew Kromsky, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

______________________
Notary Public

JOSEORLANDO MERCADO GELY
ABOGADO-NOTARIO

RECIBO
4U21-05869829
Sello
9397
03/03/2022
$5.00
Sello de Asistencia Legal
80076-2022-0303-64058043

5308 N Broad St Philadelphia PA 19141
LOAN [redacted]

The undersigned Mortgagor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him/her at his/her address hereinbefore set forth.

Dated: March 23, 2022

**BORROWER:**

Washington Development LLC,
a Pennsylvania Limited Liability Company

Frank Ryan Kasper IV (SEAL)
By: Frank Ryan Kasper IV
Its: Member

Commonwealth of Colorado
County of Denver

On this, the 23 day of March, 2022, before me, the undersigned officer, personally appeared Frank Ryan Kasper IV, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

Susan Joy Provda
Notary Public

SUSAN JOY PROVDA
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20204029433
MY COMMISSION EXPIRES AUGUST 25, 2024

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected.

SITUATE in the 17th (formerly part of the 49th) Ward of the City of Philadelphia, and described according to a Survey and Plan thereof made by Joseph F. Delany, Surveyor and Regulator of the 5th District, dated the 3rd day of September A.D. 1941, as follows, to wit:

SITUATE on the Northwest side of Broad Street (113 feet wide) at the distance of 106 feet Northeastwardly from the Northeast side of Fisher Avenue (60 feet wide).

CONTAINING in front or breadth on the said Broad Street 25 feet 4 inches and extending of that wide in length or depth Northwest between lines parallel with the said Fisher Avenue and Somerville Avenue (70 feet wide) 95 feet 6 inches to the Southeast side of a certain 16 feet wide driveway which narrows at its Southwest and Northeast portions to 14 feet 6 inches and extending Northeast and Southwest from the said Fisher Avenue to Somerville Avenue.

Being the same property which Leta Thomas, wife, granted and conveyed unto Lamont Thomas, husband, as sole owner by deed dated June 15, 2015 and recorded June 16, 2015 in the Recorder's Office of said County in Deed Document #52928261.

Being the same property which Lamont Thomas, as sole owner, granted and conveyed unto Washington Development LLC, by deed dated August 24, 2021 and recorded December 2, 2021 in the Recorder's Office of said County in Deed Document #53910159.

5308 North Broad Street, Philadelphia, PA 19141

Permanent Parcel No.: 172003600

# Exhibit C

eRecorded in Philadelphia PA Doc Id: [illegible]
11/25/2025 10:07 AM Page 1 of 3 Rec Fee: $245.75
Receipt#: 25-100445
Records Department Doc Code: A

[redacted]

RECORD & RETURN TO:
Friedman Vartolo LLP
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
Case No.: 243075-1

Property Address: **5308 North Broad Street, Philadelphia, PA 19141**
Assessor's Property Tax Parcel/Account Number: **172003600**
Municipality: **City of Philadelphia**

## CORRECTIVE ASSIGNMENT OF MORTGAGE

*****This Assignment is being recorded to correct and replace the Assignment recorded on October 15, 2024 as Instrument Number 54351943 in the records of the Department of Records of the City of Philadelphia to correct the Assignee*****

FOR VALUE RECEIVED, the undersigned, **WCP Fund I LLC** (the "Assignor"), whose address is **8401 Greensboro Drive, Suite 960, McLean, VA 22102** hereby grants, transfers, and assigns and sets over to **HOF Grantor Trust 1** (the "Assignee"), whose address is **60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN 55107**, all of the Assignor's rights, title and beneficial interest in and to that certain Mortgage dated March 23, 2022, and given by Washington Development LLC to WCP Fund I LLC, in the amount of $304,000.00 which Mortgage encumbers the real property known as **5308 North Broad Street, Philadelphia, PA 19141** (Assessor`s Property Tax Parcel/Account Number: **172003600**), and which Mortgage was recorded on April 13, 2022, as Instrument Number 54022928 in the Department of Records of the City of Philadelphia. The real property encumbered by the Security Instrument is described as stated at **Exhibit "A"** herein.

[redacted]

IN WITNESS WHEREOF, **WCP Fund I LLC** has duly executed this instrument on the date set forth below:

Dated: 9/2/2025

**WCP Fund I LLC**

By: [signature]
Name: Christina Araujo
Title: VP Of Finance

STATE OF VIRGINIA )
) ss.
COUNTY OF FAIRFAX )

On the 2nd day of September in the year 2025 before me, the undersigned, a Notary Public in and for said State, personally appeared Christina Araujo, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in Fairfax County.

WITNESS my hand and official seal,

[signature]
Notary Public: Eryll Joy F. Gregorio

Notary Expires: 05/31/2028

ERYLL JOY FRANCISCO GREGORIO
NOTARY PUBLIC
REG # 8098537
MY COMMISSION EXPIRES 5/31/2028
COMMONWEALTH OF VIRGINIA

I hereby certify that the address of the within named Assignee, **HOF Grantor Trust 1**, is **60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN 55107**.

[signature]
Signatory Name:
Christina Araujo

Signatory Title:
VP of Finance

[redacted]

**Exhibit "A"**

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected.

SITUATE in the 17th (formerly part of the 49th) Ward of the City of Philadelphia, and described according to a Survey and Plan thereof made by Joseph F. Delany, Surveyor and Regulator of the 5th District, dated the 3rd day of September A.D. 1941, as follows, to wit:

SITUATE on the Northwest side of Broad Street (113 feet wide) at the distance of 106 feet Northeastwardly from the Northeast side of Fisher Avenue (60 feet wide).

CONTAINING in front or breadth on the said Broad Street 25 feet 4 inches and extending of that wide in length or depth Northwest between lines parallel with the said Fisher Avenue and Somerville Avenue (70 feet wide) 95 feet 6 inches to the Southeast side of a certain 16 feet wide driveway which narrows at its Southwest and Northeast portions to 14 feet 6 inches and extending Northeast and Southwest from the said Fisher Avenue to Somerville Avenue.

Being the same property which Leta Thomas, wife, granted and conveyed unto Lamont Thomas, husband, as sole owner by deed dated June 15, 2015 and recorded June 16, 2015 in the Recorder's Office of said County in Deed Document #52928261.

5308 North Broad Street, Philadelphia, PA 19141

Permanent Parcel No.: 172003600

# Exhibit D

**SCHEDULE A**

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected.

SITUATE in the 17th (formerly part of the 49th) Ward of the City of Philadelphia, and described according to a Survey and Plan thereof made by Joseph F. Delany, Surveyor and Regulator of the 5th District, dated the 3rd day of September A.D. 1941, as follows, to wit:

SITUATE on the Northwest side of Broad Street (113 feet wide) at the distance of 106 feet Northeastwardly from the Northeast side of Fisher Avenue (60 feet wide).

CONTAINING in front or breadth on the said Broad Street 25 feet 4 inches and extending of that wide in length or depth Northwest between lines parallel with the said Fisher Avenue and Somerville Avenue (70 feet wide) 95 feet 6 inches to the Southeast side of a certain 16 feet wide driveway which narrows at its Southwest and Northeast portions to 14 feet 6 inches and extending Northeast and Southwest from the said Fisher Avenue to Somerville Avenue.

Being the same property which Leta Thomas, wife, granted and conveyed unto Lamont Thomas, husband, as sole owner by deed dated June 15, 2015 and recorded June 16, 2015 in the Recorder's Office of said County in Deed Document #52928261.

5308 North Broad Street, Philadelphia, PA 19141

Permanent Parcel No.: 172003600

Case 2:26-cv-03029-JS Document 1 Filed 05/12/26 Page 40 of 41

Jacqueline McNally, Esq. (201332)
Renee Cohen, Esq. (306667)
Timothy A. Cirino, Esq. (326340)
Robert Flacco, Esq. (325024)
Nicole Francese, Esq. (332253)
Perry Russell, Esq. (334517)
Danielle Johnson, Esq. (334703)
Yvonne Ganley, Esq. (337459)
Andrew Kravitz, Esq. (80142)
**FRIEDMAN VARTOLO LLP**
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
T: (212) 471-5100
F: (212) 471-5150
Attorneys for Plaintiff
Firm Case No.: 243075-1

IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA

-----------------------------------------------------------------x

HOF GRANTOR TRUST 1, NO.:

Plaintiff

v. MORTGAGE FORECLOSURE

WASHINGTON DEVELOPMENT LLC,

Defendant

-----------------------------------------------------------------x

**CERTIFICATE OF COMPLIANCE**

The undersigned attorney for Plaintiff certifies that the Complaint in Mortgage Foreclosure and related documents complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Date: _4/27/2026_____________

/s/ Jacqueline F. McNally
Jacqueline McNally, Esq. (201332)
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
(T) (212) 471-5100
(F) (212) 471-5150

**VERIFICATION**

I, Shlomo Sahadeo, am authorized representative of RF Mortgage Services Corporation, the servicer for Plaintiff, HOF Grantor Trust 1, of the loan that is subject of this action in mortgage foreclosure. This verification is made on behalf of Plaintiff since servicing of the loan is performed by the servicer, not Plaintiff. The servicer, in the ordinary course of business, maintains the records on the account, the default of which is the basis for the action; and, therefore the servicer has the information and knowledge necessary to verify the allegations of the Complaint. I hereby verify that, based upon the records on the loan that is subject of this Complaint, that the factual statements made in the foregoing Complaint in Mortgage Foreclosure are true and correct to the best of my knowledge, information and belief.

RF Mortgage Services Corporation understands that the law firm Friedman Vartolo LLP is relying upon our representation to proceed with first legal.

I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

Date: 4/23/2026

RF Mortgage Services Corporation, as attorney-in-fact for, HOF Grantor Trust 1

By: ______________________

Name:
Shlomo Sahadeo

Title:
Authorized Agent

Firm Case Number: 243075-1
Property Address: 5308 North Broad Street, Philadelphia, PA 19141