IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HOF GRANTOR TRUST 1** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **WASHINGTON DEVELOPMENT LLC** | : | **NO. 26-3229** |

**MEMORANDUM OPINION**

**Savage, J.** **September 17, 2026**

In this mortgage foreclosure action, plaintiff HOF Grantor Trust 1 ("HOF") moves for leave to serve defendant Washington Development LLC ("Washington Development") by regular mail, certified mail, and posting on the property.[1] HOF contends that despite an investigation to locate Washington Development and its managing member, HOF has been unsuccessful in serving Washington Development.[2] Because we conclude HOF made adequate efforts to locate and serve Washington Development, we will grant the motion.

**Background**

On June 1, 2026, a private process server went to the property and attempted to serve Washington Development at the mortgaged property, 5308 N. Broad Street, Philadelphia, Pennsylvania. After three attempts, the process server found no one there.[3] The first attempt was made on Tuesday, May 26, 2026, at 7:15PM,[4] the second on

[1] Pl.'s Mot. for Service Pursuant to Special Order of Court, ECF No. 5.

[2] *Id.* ¶¶ 4–10.

[3] *Id.* ¶ 4.

[4] *Id.* Ex. A.

Tuesday, May 27, 2026, at 1:45PM,[5] and the third on June 1, 2026, at 6:48AM.[6] On July 25, 2026, another private process server attempted to serve Ryan Kromsky, the managing member of Washington Development, at 797 Carroll Street, Baltimore, Maryland.[7] The process server noted that the building appeared "unoccupied and vacant." A neighbor confirmed "no one has been living at [797 Carroll Street] for over a year."[8]

A TransUnion search for an alternate address of Washington Development was negative.[9] Additionally, HOF searched several websites, including "LexisNexis, the Pennsylvania Secretary of State Business Registry, PhilaDox, Philadelphia property search engine, and various investigative reports using the Defendant's business entity number where possible in an attempt to locate the Defendant," which all led nowhere.[10]

**Analysis**

A limited liability company may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service and process . . . ." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, a corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A).

---

[5] *Id.*

[6] *Id.*

[7] *Id.* Ex. B.

[8] *Id.* ¶ 4.

[9] *Id.* ¶ 6.

[10] *Id.* ¶ 9.

Rule 4(e)(1) allows service by any method permitted by the state where the district is located or where service is to be made. Fed. R. Civ. P. 4(e)(1). The Pennsylvania Rules of Civil Procedure provide that "the plaintiff may move the court for a special order directing" an alternative method of service if the plaintiff is unable to serve the defendant through traditional means. Pa. R. Civ. P. 430(a).

For real property actions, including one for mortgage foreclosure, Pennsylvania Rule of Civil Procedure 410(c) permits service through the following methods: "(1) publication as provided by Rule 430(b), (2) posting a copy of the original process on the most public part of the property, (3) registered mail to the defendant's last known address, and (4) such other methods, if any, as the court deems appropriate to give notice to the defendant." Pa. R. Civ. P. 410(c)(1)–(4). A motion for alternative service must be accompanied by "an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." Pa. R. Civ. P. 430(a).

To justify alternative service, HOF must show that: "(1) it made a good faith effort to locate the defendant; (2) it made practical efforts to serve defendant under the circumstances; and (3) its proposed alternative means of service is 'reasonably calculated to provide the defendant with notice.'" *Allstate Vehicle and Prop. Ins. Co. v. Top Line Builders, LLC,* No. 23-3974, 2023 WL 8810776, at *1 (E.D. Pa. Dec. 20, 2023) (quoting *Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006)). Only after such a showing will alternative service be permitted.

The note to Rule 430 provides a non-exhaustive list of good-faith search efforts: "(1) inquiries of postal authorities including inquiries pursuant to the Freedom of

Information Act [("FOIA")], (2) inquiries of relatives, neighbors, friends, and employers of the defendant, (3) examinations of local telephone directories, courthouse records, voter registration records, local tax records, and motor vehicle records, and (4) a reasonable internet search." Pa. R. Civ. P. 430(a) note. Other efforts include "calling telephone directory assistance" and "hiring private investigators or skip tracer services." *Barbosa v. Dana Cap. Grp., Inc.*, No. 07-cv-1724, 2009 WL 902339, at *5 (E.D. Pa. Mar. 31, 2009) (footnotes omitted); *see also Clayman v. Jung*, 173 F.R.D. 138, 139–40 (E.D. Pa. 1997). Although HOF need not pursue all these methods, it must perform more than "a mere paper search." *N. Forests II, Inc. v. Keta Realty Co.*, 130 A.3d 19, 31 (Pa. Super. Ct. 2015) (quoting *Deer Park Lumber, Inc. v. Major*, 559 A.2d 941, 946 (Pa. Super Ct. 1989)); *see also Calabro*, 464 F. Supp. 2d at 472.

Alternative methods of service are an "option of last resort." *Grove v. Guifoyle*, 222 F.R.D. 255, 256 (E.D. Pa. 2004) (citation omitted). Thus, courts in this district have deemed a plaintiff's efforts to personally serve a defendant insufficient where most of these methods were left unexplored. *See, e.g.*, *Barbosa*, 2009 WL 902339, at *5 (citations omitted); *Johnson v. Berke Young Intern., LLC*, No. 07-2240, 2007 WL 3010531, at *2 (E.D. Pa. Oct. 12, 2007); *Accu-Tech Corp. v. Network Tech. Group, Inc.*, No. 05-1923, 2005 WL 1459543, at *2 (E.D. Pa. June 17, 2005).

HOF has demonstrated a good-faith effort to locate Washington Development. First, HOF consulted Pennsylvania Department of State records, which listed the property as Washington Development's place of business. It also conducted a search using TransUnion, a credit agency, to identify any other addresses. Additional searches of various databases all list the property as the only address associated with Washington

Development. Further, HOF's process servers were diligent in their efforts to locate and serve Washington Development and Ryan Kromsky through their multiple attempts at service and inquiries of Ryan Kromsky's neighbors. Notably, HOF did not hire private investigators, skip tracers, submit an inquiry to postal authorities, or perform additional searches for addresses personally associated with Ryan Kromsky. Although HOF's attempts to locate Washington Development could have been better, they are sufficient.

A plaintiff must demonstrate the practical efforts he or she has undertaken to serve a defendant. "Half-hearted attempts at service will not do." *Calabro*, 464 F. Supp. 2d at 473. Generally, a plaintiff must make multiple attempts to serve a defendant to demonstrate that alternative service is necessary. *See Allstate Vehicle and Property Ins. Co.*, 2023 WL 8810776, at *2 (citing *Banks v. Alvarez*, No. 08-2030, 2008 WL 2579704, at *2 (E.D. Pa. June 30, 2008)). Courts have found "[t]he number of times a plaintiff attempts to make service" is probative to whether the efforts were reasonable and practical. *Stern v. Aracari Project*, No. 24-1222, 2025 WL 3294725, at *3 (E.D. Pa. Nov. 25, 2025). "Visiting the defendant's location on different days of the week, or at different times of day" may be warranted. *Nautilus Ins. Co. v. Glob. Staffing Sols. Inc.*, No. 20-cv-03937, 2021 WL 120929, at *2 (E.D. Pa. Jan. 13, 2021). Three attempts may be insufficient where two occurred on the same day of the week and two were made at the same time of day. *See, e.g.*, *United States v. Chhay*, No. 15-2078, 2015 WL 5460640, at *2–3 (E.D. Pa. Sept. 17, 2015) (finding three attempts insufficient where two attempts occurred on Thursdays and two occurred in the evening); *Calabro*, 464 F. Supp. 2d at 472.

Here, process servers made four attempts to serve Washington Development. The first three attempts were made at the property on: Tuesday, May 26, 2026, at 7:15PM; Wednesday, May 26, 2026, at 7:15PM; and Monday, June 1, 2026, at 6:48AM. The fourth attempt was made at the Maryland address of LLC member Ryan Kromsky on Saturday, July 25, 2026, at 7:36PM, which was also unsuccessful. We are satisfied that these efforts to serve Washington Development are sufficient.

Finally, the proposed method of alternative service must be “reasonably calculated to provide the defendant with notice.” *Calabro*, 464 F. Supp. 2d at 472. Here, the alternative means of service proposed by HOF are reasonably calculated to provide notice. The property located at 5308 N. Broad Street is the subject of this action. Notice of foreclosure proceedings posted on the most public part of the property to be foreclosed is the most effective means to ensure notice absent personal service.

## Conclusion

We are satisfied with HOF’s good-faith efforts to locate and serve Washington Development. Therefore, we will grant HOF’s motion.